**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TYSON JEROME CERVANTES,

      Defendant-Appellant.

No. 07-2220
(District of New Mexico)
(D.C. No. 06-CR-2172-001JC)

**ORDER AND JUDGMENT**[*]

Before **McWILLIAMS**, Senior Circuit Judge, **ANDERSON**, Senior Circuit Judge, and **BALDOCK**, Senior Circuit Judge.

On August 9, 2006, a person later determined to be Tyson Jerome Cervantes (the defendant), while riding as a passenger in a motor vehicle, discharged a .22 caliber rifle toward a group of people standing outside a family

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

      The parties waived oral argument, and this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P.34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

residence located on an Indian Reservation in New Mexico. The vehicle then went past the house in question, turned around and returned to the same residence and fired two more rounds towards the family members in the yard. No one was hit by any of the fired shots, though a small child was hit by shattered glass caused by the shots.

Based on the foregoing incident, on November 15, 2006, the defendant, an Indian, was charged in a 7-count superseding indictment filed in the United States District Court for the District of New Mexico with various crimes committed on the Mescalero Apache Indian Reservation in Indian Country, Otero County, State of New Mexico. Pursuant to a plea agreement the defendant pled guilty to Counts 1, 5, and 7 of that indictment and the Government in turn agreed to dismiss all remaining counts.

In Count 1 the defendant was charged with unlawfully assaulting one Dean Ahidley on August 9, 2006, in Indian Country, with a dangerous weapon, a .22 caliber rifle, in violation of 18 U.S.C. § 1153 and 18 U.S.C. § 113(a)(3). In Count 5 the defendant was charged with knowingly using a firearm, a Marlin, Model 60W, .22 caliber rifle, Serial No. 05192511, during a crime of aggravated assault of Dean Ahidley, on August 9, 2006, in Indian Country, in violation of 18 U.S.C. § 1153; 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 113(a)(3). In Count 7 the defendant was charged with unlawful possession a firearm after he had previously been convicted of a felony in New Mexico, in violation of 18 U.S.C. §

922(g).

The guideline range set in the presentence report for Counts 1 and 7 was 46 to 57 months imprisonment.[1]  At sentencing, the District Court sentenced defendant to imprisonment for 46 months on each count, to be served concurrently.  As to Count 5, the District Court, pursuant to 18 U.S.C. § 924(c)(1)(A)(iii), sentenced defendant to imprisonment for 120 months to "run consecutively to the sentences on Counts I and VII, for a total of 166 months."

On appeal, counsel, appointed by this Court,  raises two "possible" issues that could be raised on appeal, but then concluded that each is "wholly frivolous" and asks that the appeal be dismissed and he be allowed to withdraw.  *See Anders v. California,* 386 U.S. 738, 744 (1967).[2]

The two issues thus presented by appointed counsel are as follows: (1) whether the sentences imposed are "reasonable" under 18 U.S.C. § 3553,  and (2) whether the defendant received effective assistance of counsel "with respect to the length of his sentence," as required by the Sixth Amendment to the U.S.

---

[1] The PSR indicated, *inter alia*, that on the date in question the defendant, and others, had been "smoking ice" and drinking vodka, later went "cruising," and, according to defendant, while passing the victim's home,  occupants of the house cussed and threw rocks at them and that he in return fired a "couple of shots" in their direction.

[2] The so-called  *Anders'*  brief was served on the Government and a copy sent to the defendant.  The Government filed a notice wherein it stated that it would file no response to defendant's *Anders'*  brief. The defendant has not filed a response thereto.

Constitution.

As above stated, the guideline range for Counts 1 and 7 was imprisonment for 46 to 57 months. No objection was made by either the Government or defendant's counsel to the calculation of the guideline range nor did either make a request for a departure, be it upward or downward. In that setting the district court sentenced defendant on Counts 1 and 7 to 46 months imprisonment and ordered that the sentences be served concurrently and not consecutively. It is well established that a sentence within a guideline range is presumably reasonable as required by 18 U.S.C. § 3553. *United States v. Kristl,* 437 F.3d 1050, 1053 (10th Cir. 2006). As concerns the sentence on Count 5, 18 U.S.C. § 924(c)(1)(A)(iii) mandates a sentence "not less than 10 years" in addition to any other term of imprisonment imposed.

It is in this setting that present counsel states in this Court that a challenge to the "reasonableness" of defendant's sentence on those counts is "wholly frivolous." We agree.

Present counsel also suggests that ineffectiveness of trial counsel is a possible issue that could be raised, but goes on to state that such, under the described circumstances, would also be wholly frivolous. Again, we agree. Counsel points out that a claim of ineffective assistance of counsel cannot ordinarily be raised on direct appeal, and should be raised in a collateral proceeding. *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). That

case also states that such claims brought on direct appeal are presumptively dismissible and that virtually all will be dismissed. *Id.* at 931.

Appeal dismissed and counsel's request to withdraw as counsel is granted.

Entered for the Court

ROBERT H. MCWILLIAMS
Senior Circuit Judge